United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG JACQUELINE NGUYEN GARDNER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CAPITAL CORPORATION,<br><br>    Defendant. | Case No. 15-cv-01514-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

In this action involving claims for relief under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and other state law torts, defendant Chevron Capital Corporation moves to dismiss, or in the alternative, for a more definite statement. Dkt. No. 10. The Court grants the motion to dismiss.

## BACKGROUND

Although the complaint in this matter is rather vague, plaintiff Hong Jacqueline Nguyen Gardner, who is proceeding *pro se*, alleges that she has incurred costs of approximately $200,282.91 stemming from the removal of underground fuel storage tanks located on her property at 7600 MacArthur Blvd. in Oakland. Dkt. No. 1, Ex. A ("Compl."). Gardner alleges that the tanks were removed in 2007 and that the property has been continuously "reviewed for contamination of the soil and water." *Id.* ¶¶ 5, 7. As a result of this alleged contamination, Gardner claims that she was fined by the City of Oakland and that she incurred expenses from an Alameda County Environmental Health ("ACEH") case. *Id.* ¶¶ 4, 7. Gardner also alleges that the tanks are connected to "Chevron Oil Company's Former Station 373378" that was located on the property. *Id.* ¶ 4.

Gardner's complaint sets forth claims under 42 U.S.C. §§ 9607, 9613 as well as state law claims of negligence and ultra hazardous activity, naming Chevron Capital Corporation dba

1  ChevronTexaco Capital Corporation ("Chevron") as the sole defendant. *Id.* ¶¶ 9-24.  Chevron

2  moves to dismiss all of Gardner's claims for failure to state a claim pursuant to Federal Rule of

3  Civil Procedure 12(b)(6).  Dkt. No. 10.  Chevron alternatively moves for a more definite statement

4  under Federal Rule of Civil Procedure 12(e).  *Id.*

**DISCUSSION**

To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss, the Court must assume that the plaintiff's factual allegations are true and must draw all reasonable inferences in her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal citations omitted).  While the Court must construe *pro se* complaints liberally, a plaintiff is still required to allege "enough facts to state a claim to relief that is plausible on its face." *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (internal quotation marks and citations omitted).  If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff's complaint is too vague to meet these standards.  It consists almost entirely of indeterminate factual allegations and broad legal conclusions, and consequently fails to provide defendant with the notice it is entitled to receive under Rule 8 of the Federal Rules of Civil Procedure.

To be more specific, the Court finds plaintiff's factual allegations are lacking on these points, among others:

    a)    How or when the property at issue qualified as a "facility" under CERCLA;

b) When (or if) Chevron operated a former station at the property and Chevron's relationship to the property in general;

c) When (or if) Chevron installed the tanks at issue and Chevron's relationship to the tanks in general;

d) What hazardous substance was allegedly released from the tanks, and if plaintiff intends to take advantage of the discovery rule for statute of limitations purposes, specific facts supporting (i) the time and manner of her discovery of the alleged release, and (ii) her inability to have made the discovery earlier despite reasonable diligence;

e) How the costs she details in her complaint were "necessary" response costs or consistent with the National Contingency Plan;

f) What duty Chevron owed her, other than under CERCLA itself;

g) How storing petroleum at the property constitutes an ultra hazardous activity;

h) How or why Chevron is responsible for the release of hazardous substances from the tanks; and

i) To the extent she seeks to rely on it, more details regarding her Alameda County Environmental Health Agency case.

These deficiencies support granting defendant's motion to dismiss. Plaintiff will, however, be given leave to amend her complaint. Plaintiff is urged to add the types of factual details listed above, should she choose to file an amended complaint.

## CONCLUSION

The Court grants Chevron's motion to dismiss without prejudice, and its motion for a more definite statement is denied as moot. Plaintiff may, if she chooses to do so, file an amended complaint by September 28, 2015, that is consistent with this order.

**IT IS SO ORDERED.**

Dated: August 27, 2015

_____
JAMES DONATO
United States District Judge