UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG JACQUELINE NGUYEN GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CAPITAL CORPORATION,<br><br>Defendant. | Case No. 15-cv-01514-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND STAYING CASE**<br><br>Re: Dkt. No. 30 |

In this environmental tort case, plaintiff's first amended complaint alleges four claims for relief -- two under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and two state law tort claims, *i.e.*, negligence and "ultrahazardous strict liability." Dkt. No. 27.

Defendant Chevron Capital Corporation has moved to dismiss all four claims under Federal Rules of Civil Procedure 12(b)(6) and 12(e). Dkt. No. 30.

Chevron's primary argument for the dismissal of the state law claims is that they are barred by the statute of limitations. Dkt. No. 30 at 5. Significantly, plaintiff's main response is not that she has sufficiently pleaded "the continuing nuisance and trespass theories," Dkt. No. 32 at 3, but to request leave to amend so she can do so. *See id*. ("Plaintiff's state law claims are not barred under the continuing nuisance and trespass theories. Therefore, leave to amend is requested."). The Court construes this as a concession that the state law claims as pled in the first amended complaint are insufficient, and the Court dismisses those claims on that basis. The Court grants plaintiff's request for leave to amend.

For plaintiff's CERCLA claims, she again asks for leave to amend so she can "even more properly assert[]" those claims, while at the same time making cursory arguments that "the FAC

properly asserts CERCLA claim[s]." Dkt. No. 32 at 4-5.  But the Court previously laid out in detail the additional kinds of factual allegations plaintiff needed to plead in order to make her claims "plausible on their face" as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), which plaintiff has failed to do.  For example, the amended complaint still does not even say what hazardous substance was allegedly released from the underground tanks, and although plaintiff attempts to fill in that gap through her opposition brief, that is obviously not enough.  The Court dismisses plaintiff's CERCLA claims with leave to amend on that basis.

Plaintiff must file any amended complaint by January 6, 2016, and it must contain non-conclusory, factual allegations of the kind described in the 9-point list the Court included in its prior order of August 27, 2015.  *See* Dkt. No. 25 at 2-3.  If plaintiff again fails to do so, the Court will dismiss the complaint with prejudice.  The complaint may not be amended to add other parties or claims without the Court's prior approval.

In light of the procedural posture and circumstances of this case, the Court stays all other aspects of this case pending plaintiff's amendment of the complaint and subsequent pleadings challenge by defendant, if any.

A case management conference is set for February 24, 2016, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  December 2, 2015

_____
JAMES DONATO
United States District Judge