United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG JACQUELINE NGUYEN GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CAPITAL CORPORATION,<br><br>Defendant. | Case No. 15-cv-01514-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

Plaintiff Gardner has filed a second amended complaint alleging claims under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9606 *et seq.* ("CERCLA"), and for declaratory judgment, trespass and nuisance. Dkt. No. 45. This is actually Gardner's third try at stating a claim. She filed the original complaint as a pro se plaintiff, and the Court dismissed that complaint with leave to amend along with specific suggestions on facts and issues she might want to address in an amended complaint. Dkt. No. 25. Because the case involves a fairly technical federal environmental statute, the Court also urged Gardner to retain an attorney to represent her. Dkt. No. 21.

Gardner hired a lawyer who filed an amended complaint re-alleging the CERCLA claim and attendant state law claims. Dkt. No. 27. The amended complaint showed little substantive improvement over the original and made no effort to address the issues raised by the Court in the dismissal order, and so the Court again dismissed it with leave to amend. Dkt. No. 40. Gardner's attorney failed to appear without good cause at the oral argument on the amended complaint, which resulted in an order to show cause and the imposition of sanctions. Dkt. No. 43.

The second amended complaint under consideration here is basically unchanged from the prior version. For the most part, the amendments consist of moving into the pleadings snippets of text drawn from environmental reports that were attached to the preceding complaint. *Compare* Dkt. No. 27-1 *with* Dkt. No. 45.

Defendant Chevron Capital Corporation ("Chevron") challenges the complaint on several potentially viable grounds under Federal Rule of Civil Procedure 12(b)(6) but just one is enough to dismiss it. As alleged in the complaint, Gardner's claims arise out of property in Oakland, California, that had been the site of a gas station up until about 1973. Dkt. No. 45. According to a "Site Investigation Report and Closure Request" prepared in 2014, which is attached to the complaint and incorporated by reference, and so properly considered by the Court in this motion to dismiss, *see*, *e.g.*, *Henderson v. Select Portfolio Servs., Inc.*, No. 3:15-CV-03028-JD, 2016 WL 1059414, at *1 n.1 (N.D. Cal. Mar. 17, 2016), two underground storage tanks for gasoline were removed in 2007 and petroleum hydrocarbons were discovered in the soil around the tanks. Dkt. No. 45-1 at 2. The site investigation in 2014 was commissioned "to evaluate petroleum hydrocarbons in soil and groundwater" at the property. *Id*. The investigation found evidence of petroleum hydrocarbons from gasoline and diesel fuel, and fractional petroleum compounds such as benzene, ehtylbenzene and xylenes. *Id*. at 5. No non-petroleum compounds are identified in the report or in any other attachment to the complaint. Although not at all clear from the complaint, Gardner appears to have bought the property in 2010 allegedly without knowledge of the petroleum contamination. Dkt. No. 45 at 2.

These allegations mandate dismissal of the complaint. CERCLA expressly excludes "petroleum, including crude oil or any fraction thereof" from the definition of hazardous substances covered by the statute. 42 U.S.C. § 9601(14); *see also Southern Pacific Transportation Co. v. Caltrans*, 790 F. Supp. 983, 984 (C.D. Cal. 1991). The petroleum exclusion applies to benzene, ehtylbenzene, xylene and other petroleum constituents "even though CERCLA-listed hazardous substances are indigenous in the petroleum or are additives normally added to the petroleum during the refining process." *Southern Pacific*, 790 F. Supp. at 984-85; *see also Wilshire Westwood Assocs. v. Atlantic Richfield Corp.*, 881 F.2d 801, 804 (9th Cir. 1989).

Plaintiff's complaint plausibly alleges only the presence of petroleum products and compounds that fall squarely within CERCLA's petroleum exclusion. Consequently, it cannot state a CERCLA claim, including a claim for declaratory relief. And since the complaint appears to be premised on federal question jurisdiction and makes no allegations of diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law trespass and nuisance claims. *See Casillas v. MTC Fin., Inc.*, No. 15-CV-00085-JD, 2015 WL 2120565, at *3 (N.D. Cal. May 5, 2015).

The remaining question is whether dismissal should be with prejudice. The Court's discretion to dismiss with prejudice is "particularly broad" after prior leave to amend has been granted. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In this case, Gardner has had three full opportunities to state a plausible CERCLA claim, along with more than typical guidance from the Court on ways to improve the complaint. That is more than enough. The CERCLA claims are consequently dismissed with prejudice. Because the state law claims are dismissed for lack of jurisdiction, they are dismissed without prejudice. *See Doe v. Sempervirens Mental Health Facility*, No. 14-CV-00816-JD, 2015 WL 4238242, at *5 (N.D. Cal. July 13, 2015) ("Dismissals for lack of jurisdiction 'should be ... without prejudice so that a plaintiff may reassert his claims in a competent court.'") (quoting *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999)).

**IT IS SO ORDERED.**

Dated: July 19, 2016

_____
JAMES DONATO
United States District Judge