UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG JACQUELINE NGUYEN GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CAPITAL CORPORATION,<br><br>Defendant. | Case No. 15-cv-01514-JD<br><br>**ORDER DENYING RECONSIDERATION**<br><br>Re: Dkt. No. 61 |

Plaintiff has filed a "motion for reconsideration of order of dismissal per F.R.C.P. Rule 60(b)." Dkt. No. 61. The motion is procedurally improper as a motion for reconsideration under Civil Local Rule 7-9, both because it did not follow the requirements of that rule and because motions for reconsideration are unavailable at this stage of the litigation. *See* Civil L.R. 7-9(a).

The motion is also improper for relief from a final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff cites as her only ground for relief that she "mistakenly believed she would be granted leave to amend if she lost the . . . motion to dismiss." Dkt. No. 61 at 3. The record shows, however, that the Court expressly stated that plaintiff had one final opportunity to amend her complaint to state a claim after multiple failed attempts. *See* Dkt. No. 38 ("The Court further informs defense counsel that it will likely dismiss the complaint, but will grant plaintiff one final chance to amend.");[1] Dkt. No. 40 at 2 ("Plaintiff must file any amended complaint by January 6, 2016, and it must contain non-conclusory, factual allegations of the kind described in the 9-point list the Court included in its prior order of August 27, 2015. See

---

[1] The Court directed this observation to defense counsel only, because plaintiff's counsel failed to appear for a noticed hearing and case management conference. Dkt. No. 39. But plaintiff's counsel could and should have seen this on the Court's ECF docket after missing the proceeding (for which he was subsequently sanctioned in the amount of $300).

Dkt. No. 25 at 2-3.  If plaintiff again fails to do so, *the Court will dismiss the complaint with prejudice*.") (emphasis added).  As the last excerpt from the Court's dismissal order makes clear, the Court further gave plaintiff considerable guidance in this case about the deficiencies in her complaint.  *See*, *e.g.*, Dkt. No. 25.

Because plaintiff has failed to establish any sufficient ground for relief under Rule 60(b), her motion is denied.  The Court also terminates the version of the motion that was inexplicably filed by the plaintiff herself (pro se), which is substantively identical to the version filed by her counsel.  Dkt. No. 62.

**IT IS SO ORDERED.**

Dated:  September 12, 2016

_____
JAMES DONATO
United States District Judge

2